**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DONNA CARGILE,

        Plaintiff,

v.                                                                                              Case No:   6:24-cv-2086-LHP

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant

---

**MEMORANDUM OF DECISION**

Donna Cargile ("Claimant") appeals the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for Supplemental Security Income ("SSI").  Doc. No. 1.  Claimant raises one argument challenging the Commissioner's final decision, and based on that argument, requests that the matter be reversed and remanded for further administrative proceedings.  Doc. No. 16.  The Commissioner asserts that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and should be affirmed.  Doc. No. 22.  For the reasons discussed herein, the Commissioner's final decision is **AFFIRMED**.

I.     **PROCEDURAL HISTORY.**

On May 12, 2021, Claimant filed an application for SSI, alleging that she became disabled on July 15, 1996.  R. 11, 271–77.[1]  Claimant later amended the disability onset date to May 12, 2021.  R. 11, 86.  Her claim was denied initially and on reconsideration, and Claimant requested a hearing before an ALJ.  R. 135–38, 140–44, 161, 166, 169.  A hearing was held before the ALJ on June 8, 2023, at which Claimant appeared with an attorney.  R. 79–110.[2]  Claimant and a vocational expert ("VE") testified.  *Id.*  After the hearing, the ALJ issued an unfavorable decision finding that Claimant was not disabled.  R. 8–27.  On September 10, 2024, the Appeals Council denied Claimant's request for review.  R. 1–7.  Claimant now seeks review in this Court.  Doc. No. 1.

---

[1] The transcript of the administrative proceedings is available at Doc. No. 10, and will be cited as "R. ___."  In the transcript, the "Application Summary for Supplemental Security Income" states that Claimant applied for benefits on July 15, 2021, but according to the ALJ's decision and other application documents, Claimant filed the application on May 12, 2021.  *Compare* R. 271, *with* R. 11, 134.  Because the application date is not at issue in nor dispositive of this appeal, the undersigned utilizes the application date stated by the ALJ:  May 12, 2021.

[2] The ALJ identifies Claimant's attorney as a non-attorney representative, R. 11, but this appears to be a scrivener's error.  Given that no party raises this as an issue, the Court does not further address it.

## II. THE ALJ'S DECISION.[3]

After careful consideration of the entire record, the ALJ performed the five-step evaluation process as set forth in 20 C.F.R. § 416.920(a). R. 11–22.[4] The ALJ first found that Claimant had not engaged in substantial gainful activity since the May 12, 2021 application date. R. 13. The ALJ also found that Claimant suffered from the following severe impairments: gastroesophageal reflux disease (GERD), seborrheic dermatitis, bipolar disorder unspecified, and anxiety. R. 14. The ALJ determined that Claimant did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 14–15.

---

[3] Upon a review of the record, the undersigned finds that counsel for the parties have adequately stated the pertinent facts of record in their briefing. Doc. Nos. 16, 22. Accordingly, the undersigned adopts those facts referenced and only restates them herein as relevant to considering the issue raised by Claimant.

[4] An individual claiming Social Security disability benefits must prove that he or she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ('RFC') assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(i)–(v), 416.920(a)(i)–(v)).

After careful consideration of the entire record, the ALJ found that Claimant had the residual functional capacity ("RFC") to perform light work as defined in the Social Security regulations,[5] except:

> [S]he can lift, carry, push and/or pull twenty (20) pounds occasionally and ten (10) pounds frequently; stand and walk for six (6) hours and can sit for six (6) hours in an 8-hour workday with normal breaks; must never climb ladders or scaffolds; and must avoid exposure to vibration, unprotected heights and hazardous machinery. During the eight-hour workday, she must avoid concentrated exposure to extreme heat, wetness, and humidity. This individual can follow only simple instructions. In addition to regular breaks, this individual would need three-minute breaks every two hours, which is a total of twelve (12) extra minutes in addition to regular breaks.

R. 15.

The ALJ next found that Claimant was unable to perform any past relevant work, including work as a hairstylist. R. 20–21. However, in considering Claimant's age, education, work experience, and RFC, as well as the testimony of the VE, the ALJ found that there were other jobs existing in significant numbers in

---

[5] The social security regulations define light work to include:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 416.967(b).

the national economy that Claimant could perform, representative occupations to include ticket taker, stocker checker apparel, and marker.   R. 21–22.   Accordingly, the ALJ concluded that Claimant was not under a disability, as defined in the Social Security Act, from the application date (May 12, 2021) through the date of the decision.   R. 22.

### III.    STANDARD OF REVIEW.

The Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3). The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence.   *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).   The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."   *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence.   *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam).   The Court may not reweigh evidence or

substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

**IV.   ANALYSIS.**

Claimant raises one assignment of error in this appeal: the ALJ erred in failing to find that Claimant's condition of gastroparesis was a severe impairment at step two of the sequential evaluation process and, even if non-severe, the ALJ erred in failing to address Claimant's gastroparesis in formulating the RFC. Doc. No. 16. Accordingly, this is the only issue that the Court will address.

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe. 20 C.F.R. § 416.920(a)(4)(ii), (c). Claimant first argues error in the ALJ's failure to find Claimant's gastroparesis to be a severe impairment. However, the ALJ found that Claimant suffered from several other severe impairments, to include GERD, seborrheic dermatitis, bipolar disorder unspecified, and anxiety. R. 14. The ALJ then proceeded through the next steps of the required sequential evaluation process. R. 14–22. Therefore, and as Claimant recognizes, Doc. No. 16, at 4, even assuming that the ALJ's failure to find gastroparesis was a severe impairment at step two was error (which the Court

does not so find), any error would be harmless. *See Hearn v. Comm'r, Soc. Sec. Admin.*, 619 F. App'x 892, 895 (11th Cir. 2015) ("[T]he finding of any severe impairment, whether or not it results from a single severe impairment or a combination of impairments that together qualify as 'severe,' is enough to satisfy step two." (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)));[6] *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014) ("Based on our precedent and the regulations, . . . it is apparent that there is no need for an ALJ to identify every severe impairment at step two.  Accordingly, even assuming that [the claimant] is correct that her additional impairments were 'severe,' the ALJ's recognition of that as a fact would not, in any way, have changed the step-two analysis, and she cannot demonstrate error below."); *Roberson v. Berryhill*, No. 8:17-cv-1225-T-CPT, 2019 WL 968400, at *3 (M.D. Fla. Feb. 28, 2019) ("Because the ALJ determined that Plaintiff suffered from at least one severe impairment at step two and thereafter proceeded beyond that stage as he did, any error he committed in failing to find that Plaintiff suffered from other severe impairments at step two is rendered harmless." (citations omitted)).

---

[6] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

Claimant next argues that the ALJ erred in failing to address Claimant's gastroparesis in formulating the RFC. Prior to the fourth step of the sequential evaluation process, the ALJ must determine Claimant's RFC. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004), *superseded on other grounds by* 20 C.F.R. § 404.1520c. "[T]he regulations define RFC as that which an individual is still able to do despite the limitations caused by his or her impairments," which includes consideration of "all the relevant medical and other evidence in the case." *Id.* (citations and quotations omitted). In formulating the RFC, the ALJ must consider all of a claimant's medically determinable impairments, including those that are not "severe." *Id.* § 416.945(a)(2); *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1268–69 (11th Cir. 2019); *see also Estelle v. Comm'r of Soc. Sec.*, No. 6:13-cv-1490-Orl-GJK, 2015 WL 1035258, at *4 (M.D. Fla. Mar. 10, 2015) ("In reaching an RFC determination, the regulations unequivocally require that the ALJ consider all limitations from the Claimant's impairments, including those limitations from impairments that the ALJ found non-severe at step-two. This makes sense because a claimant's impairments, even if non-severe, may still impose limitations on a claimant's functional ability." (citations omitted)).

Here, in the decision, the ALJ mentions Claimant's gastroparesis as listed in application documents. R. 16. But the ALJ does not otherwise mention gastroparesis in the decision by name. *See* R. 11–22.

Claimant argues that she has a long history of gastroparesis, which is different from her GERD diagnosis (although there can be an overlap in symptoms),[7] and that gastroparesis "can cause symptoms of nausea and vomiting, loss of appetite, constipation, upper abdominal pain, acid reflux, and heartburn." Doc. No. 16, at 4, 5.  Claimant points to her testimony that:

> [S]he had frequent episodes of having to "throw up a lot" (T. 88) She advised that during the time when she was throwing up and she also experienced diarrhea. She stated it took a couple days for her to stop vomiting and to stop having diarrhea. (T 88) She advised that this happened at least twice a month (T. 88).

*Id.* at 4.  She argues that this testimony is consistent with hospital records as follows:

> For example, on March 6, 2023, the claimant was seen in an emergency room with complaints of abdominal pain, nausea with gastric content vomiting since the previous day. (T. 52) On May 10, 2023. The claimant again was seen with complaints of vomiting and diarrhea. (T 39) Her medical history included a diagnosis of gastroparesis.

*Id.* at 5.  Because the ALJ did not mention gastroparesis in formulating the RFC, Claimant contends that the ALJ reversibly erred.  *Id.* 5–6.

As the Commissioner points out, however, the ALJ discussed this evidence—including the records identified by Claimant—in formulating the RFC.  The ALJ discussed Claimant's hearing testimony, including that her impairments cause

---

[7] Claimant's argument on this point is unhelpful, as while Claimant argues that there are differences between gastroparesis and GERD, she points to an article explaining the differences between *gastritis* and GERD.  *See* Doc. No. 16, at 5.

"constipation, vomiting, daily diarrhea, fatigue, and social isolation," that her "[v]omiting worsened when feeling overwhelmed, worried, or stressed," that "[w]hen vomiting, [Claimant] is unable to stand straight," that Claimant "goes to the emergency room when vomiting and nausea symptoms are out of control"; and that Claimant's prior treatment for gastrointestinal issues included prescribed medications, although she was not taking any medications at that time.  R. 16.[8]  The ALJ also addressed in detail the March 6, 2023 emergency room visit where Claimant was seen for abdominal pain, vomiting, and nausea, R. 17–18 (citing Exhibit 7F),[9] as well as Claimant's emergency room visit on May 10, 2023 for complaints of vomiting and nausea.  R. 18 (citing Exhibit 6F).  The Court notes

---

[8] The Court notes that the ALJ found Claimant's subjective complaints regarding her pain and symptoms not entirely consistent with the medical and other evidence of record.  *See* R. 16, 18, 20.  In her briefing, Claimant raises no challenge to the ALJ's findings in this regard.  Doc. No. 16.  Accordingly, Claimant has waived any challenge on this point.  *See Borroto v. Comm'r of Soc. Sec.*, No. 2:17-cv-673-FtM-99CM, 2019 WL 488327, at *1, n.2 (M.D. Fla. Jan. 8, 2019), *report and recommendation adopted*, 2019 WL 290599 (M.D. Fla. Jan. 23, 2019) ("Any issue not raised by Plaintiff on appeal is deemed to be waived." (citing *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed."))); *see also Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230, 1239 (11th Cir. 2012) ("There is no burden upon the district court to distill every potential argument that could be made based on the materials before it . . . ." (quoting *Resolution Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995))).

[9] In her briefing, the pinpoint citations Plaintiff provides do not correlate to the March 6, 2023 or May 10, 2023 emergency records discussed in text, and instead, refer to medical records that were submitted to the Appeals Council.  *See* Doc. No. 16, at 5; R. 39, 52.  Claimant raises no issues in this appeal regarding records submitted to the Appeals Council, Doc. No. 16; therefore, the undersigned presumes this to be a scrivener's error.

that with regard to Claimant's gastrointestinal issues, the ALJ documented improvement and stabilization of her condition with medications. R. 17–18. And in addition to light work, considering Claimant's abdominal pain, the ALJ further limited Claimant's RFC to preclude vibration, wetness, humidity, and extreme temperatures. *See* R. 19.

Thus, although true that the ALJ does not specifically mention gastroparesis by name in the RFC analysis, it is clear that the ALJ addressed the symptoms of that condition in assessing Claimant's RFC. The ALJ further acknowledged that in assessing Claimant's RFC, the ALJ must "consider all of [Claimant's] impairments, including impairments that are not severe," and the ALJ also stated that he considered "all symptoms" in assessing Claimant's RFC. *See* R. 13, 15. And Claimant points to no records that the ALJ allegedly failed to consider, nor any functional limitations resulting therefrom, that she contends the ALJ failed to address. *See* Doc. No. 16, at 4–5.

Accordingly, the Court finds no reversible error because Claimant has not established that the ALJ failed to consider all of her impairments, and any resulting functional limitations resulting therefrom, in determining the RFC or finding that Claimant was not disabled. *See, e.g.*, *Tuggerson-Brown*, 572 F. App'x at 952 (no error in consideration of non-severe impairments in RFC assessment where the ALJ specifically discussed evidence of those conditions and symptoms related thereto,

sufficiently demonstrating that the ALJ considered all of the impairments in finding the claimant not disabled); *Kelley v. Comm'r of Soc. Sec.*, No. 8:22-cv-1560-JSS, 2023 WL 5273571, at *10 (M.D. Fla. Aug. 16, 2023) (finding no error in consideration of non-severe impairments in assessing RFC where "the decision includes a detailed discussion of the record evidence sufficient to demonstrate that the ALJ properly considered all of Plaintiff's impairments in combination when determining whether she was disabled"); *Johnson v. Comm'r of Soc. Sec.*, No. 8:21-cv-164-DNF, 2022 WL 3500441, at *5 (M.D. Fla. Aug. 18, 2022) (finding no error where the ALJ failed to mention a diagnosis where the ALJ thoroughly considered the claimant's reported symptoms and alleged limitations, and even assuming there was error for failure to mention the diagnosis, it was harmless because the record demonstrated that the ALJ considered all severe and non-severe impairments in determining the RFC); *Clowdus v. Comm'r of Soc. Sec.*, No. 6:20-cv-1098-DCI, 2021 WL 1909634, at *2–3 (M.D. Fla. May 12, 2021) (finding no error in ALJ's failure to mention impairment at both step two and step four of the sequential evaluation process because it was apparent from the decision that the ALJ considered all medical evidence in combination, and the claimant failed to demonstrate that there were any further functional limitations supported by the record that the ALJ failed to consider); *see also Azpeitia v. Saul*, No. CIV-19-810-SM, 2020 WL 3105415, at *3 (W.D. Okla. June 11, 2020) (finding that although the ALJ did not specifically reference the claimant's gastroparesis in the

decision, the ALJ needed only to consider the resultant functional limitations arising from that condition in formulating the RFC, and noting that the claimant did not point to any such limitations).

**V. CONCLUSION.**

Based on the foregoing, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is **DIRECTED** to enter judgment in favor of the Commissioner and thereafter **CLOSE** the case.

**DONE** and **ORDERED** in Orlando, Florida on October 7, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record